**McClairy JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–90–0260–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 11, 1991.

Ken McLean, Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Appellant was convicted of the offense of aggravated robbery and sentenced by the jury to eighteen years in prison. Appellant brings two points of error, alleging: (1) that the trial court erred in admitting testimony of the complainant's out-of-court identification of appellant because that identification was rendered unreliable by an impermissibly suggestive procedure; and (2) that the trial court erred in admitting the complainant's subsequent in-court identification of appellant because it was tainted by an impermissibly suggestive out-of-court identification procedure.

The State brings one cross-point, complaining of error in the rendition of judgment. We correct the judgment rendered by the trial court and, as reformed, affirm.

Prior to trial appellant's attorney filed a motion to suppress in-court identification following what he contends is an impermissibly suggestive out-of-court identification procedure. Testimony was presented at the hearing by Harris County Sheriff's Department deputies and the complainant. A surveillance camera photograph taken during the aggravated robbery of a convenience store on December 25, 1988, was delivered to authorities on January 10, 1989. Complainant's initial description of the two actors matched the photograph, which was viewed once later by complainant during January 1989. On September 25, 1989, a deputy left the photograph with the complainant in order to verify that it was an actual photograph of the robbery and correctly displayed the perpetrators.

The following day a deputy collected the surveillance photograph, at which time complainant verified the authenticity of the surveillance photograph. Later that same day another officer had complainant view a standard identification array of six photographs of similar individuals. Complainant immediately chose appellant's photograph from the array. He was identified as the gun-carrying perpetrator displayed in the surveillance photograph. Care was exercised to prevent any hint or suggestion as to which, if any, photograph might be selected. During the hearing complainant pointed out the appellant in the courtroom, based upon his recollection of the robbery. The perpetrator's identity was already known to authorities from the surveillance photograph and was correctly matched by complainant's identification from the array. The court overruled appellant's motion to suppress.

Testimony at trial was that the convenience store premises were well illuminated, that the perpetrators were initially two or three feet from complainant and that the victim carefully studied the face of the gunman and his weapon for one minute and forty-five seconds. The complainant identified the surveillance photo which showed his own hand and clearly depicted

the perpetrators. He testified with absolute certainty of his immediate identification of appellant from the photo array and correctly pointed out appellant in open court based upon his memory of the incident. During cross-examination complainant repeated that his in-court identification of appellant was based upon his observation during the robbery and did not result from viewing any photograph.

■ Appellant's first point of error challenges the reliability of the out-of-court identification procedure by which appellant's photograph was selected from the array. The core of appellant's argument is that he was denied due process of law by an unnecessarily suggestive pretrial identification procedure.

The law is well established that a substantial likelihood of irreparable misidentification may result where a *suspect's* photograph is shown to a complaining witness and is followed shortly thereafter by the complainant viewing a lineup or photo array which displays *that suspect* in a suggestive fashion. *Neil v. Biggers,* 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). The standard governing a witness's exposure to a potentially suggestive photographic array is set forth as follows:

> [We] hold that each case must be considered on its own facts, and that convictions based on eye witness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons v. United States,* 390 U.S. 377, 384 [88 S.Ct. 967, 971, 19 L.Ed.2d 1247] (1968).

*Simmons* further holds that danger of irreparable misidentification will be increased if the witness views *only* the picture of a single individual who *generally resembles* the person he saw, the witness views a photo array that emphasizes the photo of the *suspect* or the *suspect's* picture reappears within the array. *Id.* at 383, 88 S.Ct. at 970–71 (emphasis added). Texas courts embrace this standard and

view its application within the totality of circumstances surrounding a particular case. *Webb v. State,* 760 S.W.2d 263, 269 (Tex.Crim.App.1988), *cert. denied,* 491 U.S. 910, 109 S.Ct. 3202, 105 L.Ed.2d 709 (1989).

When a court considers the possible effects of a potentially suggestive identification procedure, it must weigh them against the following nonexclusive factors: (1) the witness's opportunity to view the criminal during the commission of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at confrontation; and (5) the time between the crime and the confrontation. *Manson v. Braithwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).

When the totality of circumstances is considered in this case, it is established that the surveillance photograph complained of by appellant does not display a *suspect* or someone *resembling* appellant. The photograph accurately and clearly displays the *actual perpetrators* in commission of the crime. The appellant was recognized and named from the photo by authorities. The photograph was authenticated by the complainant who witnessed the entire crime at close hand under satisfactory viewing conditions. Trial testimony was conclusive as to the witness's degree of attention and his certainty of identification was absolute. At confrontation during the pretrial hearing and again at trial the complainant quickly and correctly identified appellant as the perpetrator. His identification was based on recollection and memory of the events of the robbery.

The challenged pretrial identification procedure was not impermissibly suggestive, and the need to examine the procedure for substantial likelihood of misidentification does not exist. *Webb,* 760 S.W.2d 263, 269; *Williams v. State,* 675 S.W.2d 754, 757 (Tex.Crim.App.1984). Appellant's first point of error is overruled.

■ Appellant next complains that admission of in-court identification was improper because it was tainted by an imper-

missibly suggestive out-of-court identification procedure. This court has already held that the out-of-court identification was not impermissibly suggestive and that no substantial likelihood of irreparable misidentification resulted. Appellant has failed to demonstrate by clear and convincing evidence that the pretrial identification complained of was improper, and the in-court identification is therefore admissible. *Jackson v. State,* 628 S.W.2d 446, 448 (Tex. Crim.App.1982). The trial record reveals that the witness's in-court identification was based on an origin independent of the surveillance photograph. Even where a pretrial identification procedure is impermissibly suggestive, in-court identification by a witness is admissible if prior observation of the defendant was sufficient to serve as an independent origin for the in-court identification. *Jackson v. State,* 657 S.W.2d 123, 130 (Tex.Crim.App.1983). Appellant's second point of error is overruled.

In its cross-point of error the State requests reformation of the trial court's judgment to conform to the jury verdict which found appellant guilty of aggravated robbery. The verdict conformed to the indictment which alleged that defendant "did then and there use and exhibit a deadly weapon, to wit: a firearm." The judgment rendered made no finding as to the use of a deadly weapon in the commission of the offense, and so we direct the judge of the trial court to correct the judgment to conform to the finding of the jury on that issue. TEX.R.APP.P. 81(a).

The judgment of the trial court is corrected and, as reformed, is affirmed.